# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| **KIMBERLY M. PENDLETON,** | : | CHAPTER 13 |
| | : | |
| Debtor | : | BANKRUPTCY NO. 16-13667-sr |

### OBJECTION TO PROOF OF CLAIM NO. 4
### FILED BY EASTERN SAVINGS BANK, FSB

The Debtor, by and through counsel, Regional Bankruptcy Center of Southeastern PA, P.C., objects to Proof of Claim No. 4 filed in this case by the Eastern Savings Bank, FSB, (hereinafter "Eastern") on or about July 28, 2016, and in support of her objection respectfully represents as follows:

1. Eastern filed its claim on July 28, 2016, asserting a secured claim in the amount of $21,693.00 in pre-petition arrears, and $73,174.90 as the total debt owed under a mortgage between the Debtor and Eastern dated August 22, 2008. A copy of Proof of Claim No. 4 filed by Eastern is attached hereto and incorporated herein, marked as Exhibit "A".

2. The mortgage upon which Eastern's claim is based is on the Debtor's home located at 1875 Conlyn Street, Philadelphia, PA 19141.

3. Debtor believes and therefore avers that she did not owe the amount of arrears alleged in Proof of Claim No. 4 as of the May 23, 2016 filing date of her Voluntary Petition in this bankruptcy case, and that the "Total Debt Calculation" in Proof of Claim No. 4 is also incorrect.

4. The Debtor also believes and therefore avers that the payments in arrears were miscalculated because they overstate the amount of the monthly payment due under the terms of

the loan for the period from December, 2013, through October, 2014, and that the escrow portion of the monthly mortgage payments charged during the period from December, 2013, through October, 2014 exceeded the amounts permitted under the Real Estate Settlement Procedures Act.

5. The "escrow deficiency for funds advanced" and "Projected escrow shortage" are incorrect in that they do not match the escrow portion of the monthly mortgage payment for the missed pre-petition payments.

6. The "Fees, costs due" and "prepetition fees due", presumably including but not limited to attorneys' fees, are not reasonable and may not have all actually been incurred (proof of which is demanded at the hearing in this matter).

7. Debtor believes and therefore avers that there is no "Deferred Amount" of $6,604.90 owed to Eastern under the terms of her mortgage loan and that such amount should not be allowed as part of Eastern's claim.

8. Therefore, the Debtor disagrees with the both the arrears claimed by Eastern as the amount necessary to cure default as of the petition date and total debt claimed to be due by Eastern, and believes both should be lowered by the Court to such amount as found to be appropriate by the Court.

9. For the foregoing reasons, the total amount of Eastern's Proof of Claim No. 4 should be reduced and allowed as secured claim in an amount found to be appropriate by the Court.

WHEREFORE, the Debtor prays this Honorable Court to enter the Proposed Order accompanying the Objection sustaining the Objection and allowing Claim No. 4 filed by the Eastern Savings Bank, FSB as secured claim in an amount found to be appropriate by the Court,

both as to the total amount and arrears to be cured.

          Respectfully submitted,
          REGIONAL BANKRUPTCY CENTER OF
          SOUTHEASTERN PA, P.C., by:

          _____
          Roger V. Ashodian
          Attorney ID #42586
          101 West Chester Pike
          Suite 1A
          Havertown, PA  19083
          (610) 446-6800

          <u>Attorney for Debtor/Objector</u>