IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| KIMBERLEY M. PENDLETON, | : | CASE NO.: 16-13667 |
| | : | |
| Debtor. | : | |
| EASTERN SAVINGS BANK, FSB, | : | |
| | : | |
| Movant. | : | |
| and | : | |
| | : | |
| KIMBERLEY M. PENDLETON and | : | |
| FREDERICK L. REIGLE, Chapter 13 Trustee, | : | |
| | : | |
| Respondents. | : | |

## OBJECTION TO DEBTOR'S AMENDED CHAPTER 13 PLAN

AND NOW, comes Eastern Savings Bank, FSB (hereinafter "Movant"), by and through its attorneys, JSDC Law Offices, and files this Objection to Debtor's Amended Chapter 13 Plan and avers as follows:

1. This is an action arising pursuant to a case under Title 11 of the United States Code.

2. Movant is a secured creditor of the Debtor, Kimberley M. Pendleton (hereinafter "Debtor").

3. Debtor filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on May 23, 2016 (hereinafter "Petition"), and subsequently filed her Amended Chapter 13 Plan (hereinafter "Plan").

4. The Debtor is currently obligated to Movant under the terms of a certain Note dated August 22, 2008, in the original principal amount of $53,500.00, in favor of Movant.

5. As security for repayment of the Note, Debtor executed a certain Mortgage, dated of even date and of even amount, in favor of Movant with respect to certain real property owned by the Debtor located at 1875 Conlyn Street, Philadelphia, Pennsylvania 19141 (hereinafter "Real Property"), recorded on March 9, 2009 in the Office of the Recorder of Deeds for Philadelphia County, Pennsylvania as Document ID #52034715.

6. At the time of recording, the Mortgage became a first priority mortgage lien upon the Real Property.

7. On or about July 28, 2016, Movant filed its Proof of Claim (hereinafter "Claim") evidencing a total secured claim of $73,174.90, and a pre-petition arrearage of $21,693.00 as of the date of filing, May 23, 2016.

8. Debtor's Plan proposes to pay both Movant's pre-petition arrearages, and, through an administrative priority claim, Movant's post-petition arrearages as well.

9. However, the Plan only proposes to pay $16,652.47 "or as allowed by the Court" to cure the pre-petition arrearages. $16,652.47 is significantly less than the amount due of $21,693.00, as indicated in Movant's Claim. In addition, upon information and belief, the post-petition arrearages set forth in the Plan do not include Movant's legal fees and costs relative to the filing of Movant's Motion for Relief from Automatic Stay.

10. Moreover, Debtor has filed an Objection to Movant's Claim which, *inter alia*, disputes the total of Movant's pre-petition arrearages. A hearing on such Objection is not scheduled until January 11, 2017.

11. Upon information and belief, pre-confirmation Trustee payments have not been made since on or before September, 2016, casting doubt on Debtor's ability to maintain a feasible plan.

12. As a result of the foregoing, Debtor's Plan is in violation of 11 U.S.C. sec. §1325 because, *inter alia*, there is insufficient evidence that the Debtor will be able to make all payments under the Plan and to comply with the Plan.

WHEREFORE, Movant respectfully requests that this Honorable Court sustain its Objection to Debtor's Amended Chapter 13 Plan and deny confirmation of said Plan.

Respectfully submitted,

**JSDC Law Offices**

By: /s/ Brian H. Smith, Esquire
Brian H. Smith, Esquire (PA ID #65627)
P.O. Box 650
Hershey, PA 17033
Phone: (717) 533-3280
Fax: (717) 533-2795
Email: bhs@jsdc.com
*Attorneys for Movant*